UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAVIS S. VACCARO,

        Petitioner,

  v.                                               Case No. 21-cv-1468-pp

EARNELL LUCAS,

        Respondent.

---

**ORDER DISMISSING *HABEAS* PETITION AS MOOT (DKT. NO. 1), DENYING MOTION TO PROCEED WITHOUT PREPAYING FILING FEE AS MOOT (DKT. NO. 3), DISMISSING CASE WITHOUT PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On December 27, 2021, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. A week later, the petitioner filed a motion for leave to proceed without prepaying the $5.00 filing fee. Dkt. No. 3. This order dismisses the petition as moot, denies the motion to proceed without prepaying the filing fee as moot and dismisses the case.

**I.**     **Background**

    A.     <u>Underlying State Case</u>

The petitioner sought to challenge his pretrial detention in Milwaukee County Case No. 21CF004141. Dkt. No. 1 at 2. The court has reviewed the publicly available docket for that case. See State v. Travis Sean Vaccaro, Milwaukee County Case No. 2021CF004141 (available at https://wcca.wicourts.gov). The docket shows that on October 2, 2021, the

1

State filed a criminal complaint against the petitioner. Id. The complaint charged the petitioner with strangulation and suffocation, battery and disorderly conduct. Id. According to the docket, the circuit court scheduled the petitioner's trial to begin on January 24, 2022. Id. The docket entry for January 24, 2022 indicates that the "State's essential witness failed to appear," and that the State had "no alternative theory of prosecution." Id. The docket indicates that the same day, the circuit court granted the petitioner's motion to dismiss the case without prejudice. Id.

  B. Federal *Habeas* Petition (Dkt. No. 1)

The petitioner filed his federal *habeas* petition on December 27, 2021—a month before the circuit court dismissed the underlying state criminal case. Dkt. No. 1. The petition asserts four grounds for relief: (1) the circuit court's delay in holding a preliminary hearing constitutes a due process violation, (2) a violation of the petitioner's right to self-representation, (3) the circuit court's delay in holding a preliminary hearing constitutes a violation of state law and (4) various constitutional violations for "failing to produce [the petitioner] in a timely manner for proceedings because they claim shortage of counsel." Id. at 6-7. As relief, the petitioner sought dismissal of the criminal case, immediate release, $25,000 and any other relief the court saw fit. Id. at 7.

**II. Analysis**

  A. Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section

2

2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent special circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

Exceptional circumstances exist where irreparable damage would occur, such as claims of prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Relief is "generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Id. (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

B. <u>Analysis</u>

The petitioner has received much of the relief that he sought in his petition; the state court has dismissed all charges against the petitioner and he does not appear to be in custody.[1] No criminal case remains pending against him. The petition does not allege any ongoing collateral consequence from the dismissed prosecution. The petition is moot. <u>See</u> <u>Powell v. Galipeau</u>, 808 F. App'x 386, 387 (7th Cir. 2020).

Even if the petitioner's state criminal proceedings were ongoing and the petition was not moot, the court would deny the petition and dismiss the case. The petitioner still would have had what the U.S. Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." <u>Younger</u>, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 . . . , and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts . . . ."

<u>Id.</u> at 45 (quoting <u>Fenner v. Boykin</u>, 271 U.S. 240, 243-44 (1926)).

This federal court cannot interfere with the ongoing state criminal proceedings. The petitioner did not cite extraordinary circumstances. He would

---

[1] <u>See</u> http://www.inmatesearch.mkesheriff.org/Default.aspx; https://appsdoc.wi.gov/lop/searchbasic.do.

4

Case 2:21-cv-01468-PP   Filed 04/21/22   Page 4 of 7   Document 6

have had the ability to address his concerns in state court—he could have filed a motion to quash his arrest or requested counsel in state court, challenged the sufficiency of the evidence by having a jury trial and sought release from custody from the state court judge. The appropriate place for the petitioner to seek relief in a pending criminal case is in the state court.

Second, the petitioner's *habeas* petition was premature. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2064 (2017)). The petitioner filed several motions with the trial court. Vaccaro, Milwaukee County Case No. 2021CF004141. Even if the petitioner asserted each of his *habeas* claims in the circuit court, it does not appear that the petitioner sought review of those claims in the Court of Appeals or filed a petition for review in the Wisconsin Supreme Court. The petitioner had not exhausted his state remedies, which was required before he may seek *habeas* relief in federal court.

Finally, the petitioner's requests for release from state custody and dismissal of state criminal charges constituted relief that only the state court could grant. As to the petitioner's request for money damages, monetary relief is not available to a *habeas* petitioner. Waletzki v. Keohane, 13 F.3d 1079, 1081 (7th Cir. 1994).

5

### III. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). On January 7, 2022, the petitioner filed a motion for leave to proceed without prepaying that fee. Dkt. No. 3. Because the court is dismissing the petition as moot and dismissing the case, the court will deny the petitioner's motion to proceed without prepaying the filing fee as moot.

### IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2241.

### V. Conclusion

The court **DISMISSES AS MOOT** the petition for writ of *habeas corpus* under 28 U.S.C. Dkt. No. 1.

The court **DENIES AS MOOT** the petitioner's motion to proceed without prepaying the filing fee. Dkt. No. 3.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 21st day of April, 2022.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

7

Case 2:21-cv-01468-PP   Filed 04/21/22   Page 7 of 7   Document 6